OPINION OF THE COURT
Stanley H. Nason, J.
Pursuant to chapter 849 of the Laws of 1977, subdivision (a) of section 110 of the New York City Civil Court Act (CCA) was amended to provide, inter alia, for injunctive relief for the enforcement of “state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York”. The amendment significantly broadened the powers of the Civil Court by removing the earlier limiting language relied on by the court in Gorelick v Joyner (NYLJ, Nov. 26, 1976, p 7, col 4). By virtue of the amendment, Judge Beverly Cohen then had the authority to issue her August 7,1981 order restraining Con Edison from cutting off utility services.
It would be a denigration of the court’s mandate to preserve housing stock and assure the maintenance of housing standards for the court to refrain from taking all steps necessary to ensure that a rent-paying tenant, such as the tenant before this court, receives all tenantable services due such tenant. Section 110 (subd [a]) of the CCA, as expanded by the amendment, includes within its pur *940 view the provisions of the Public Service Law, 16 NYCRR 143.7 and pertinent subdivisions. Accordingly, application of the same is subject to review in Civil Court. In addition, the proposition that tenants are entitled to a continuation of utility services was most recently reflected in the enactment of the Home Energy Fair Practices Act (L 1981, ch 713, Oct. 19, 1981) which, while not controlling in this case, clearly reflects current legislative views on this subject.
Despite the foregoing, Consolidated Edison has (albeit in good conscience) challenged the court’s authority to issue its restraining order and respectfully disagreed with the court’s determination of its own authority under the statute. However, as the Supreme Court noted in United States v United Mine Workers of Amer. (330 US 258, 293), the utility, “In making [its] private determination of the law, acted at [its] peril. Its disobedience is punishable as contempt.” The outcome is unchanged even if the order is subsequently set aside on appeal. The court continued (p 294), “We insist upon the same duty of obedience where, as here, the subject matter of the suit, as well as the parties, was properly before the court * * * and where the authority of the court of first instance to issue an order ancillary to the main suit depended upon a statute, the scope and applicability of which were subject to substantial doubt.”
It is to be noted that, during the pendency of the proceeding before Judge Price, Consolidated Edison acted in a responsive manner with regard to the provision of utilities. However, its deliberate violation of a lawful order of the court requires a finding that a contempt, although technical, was committed and that appropriate punishment be meted out.
In view of the foregoing, I find the Consolidated Edison Company guilty of contempt of a lawful order of this court and assess a fine of $10,000. As to the remaining respondents, motion denied.